IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARLON BRAMWELL, #37553-004, ) | |
|     Plaintiff, ) | Civil Action No. 7:05-CV-00460 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| FEDERAL PRISONS INDUSTRIES, ) | By: Hon. Glen E. Conrad |
|     Defendant. ) | United States District Judge |

    Plaintiff Marlon Bramwell, a Federal inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Because Bramwell's petition does not deal with the length or calculation of his sentence, the court construes it as a civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1981). In his petition, Bramwell alleges that while incarcerated at the United States Penitentiary in Lee County (U.S.P. Lee) the defendant misapplied its own rules and erroneously took away Bramwell's longevity at UNICOR. Specifically, Bramwell states that at the time he committed the infraction for which he lost his longevity, he was not an employee of UNICOR and therefore not subject to UNICOR's rules. However, because inmates do not have a constitutional right to work while incarcerated, much less to retain longevity, Bramwell has not stated a claim for relief. See O'Bar v. Pinion, 953 F.2d 74, 85-86 (4th Cir. 1991) (allowing state to deny inmate right to work even when state constitution guarantees a right to work). Therefore, the court must dismiss plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate order will be entered this day.

    ENTER: This 18th day of July, 2005.

                                                             UNITED STATES DISTRICT JUDGE